UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL, | No. 2:23-cv-1213 KJM DB PS |
| Plaintiff, | |
| v. | ORDER AND |
| LAURA REICH, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Jean Marc Van den Heuvel is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint, motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and request for issuance of a subpoena. (ECF Nos. 2, 4 & 7.) The amended complaint concerns allegations related to lost property.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without further leave to amend.

////

////

1  **I.     Plaintiff's Application to Proceed In Forma Pauperis**

2       Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

    Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

    To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5  The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

9  Fed. R. Civ. P. 8(a).

10  **II.     Plaintiff's Amended Complaint**

11  Here, the same deficiencies found in plaintiff's original complaint are found in the

12  amended complaint.  Specifically, the amended complaint fails to contain a short and plain

13  statement of a claim showing that plaintiff is entitled to relief, as the factual allegations found in

14  the amended complaint are almost indecipherable.

15  The amended complaint alleges that attorney "Laura Reich, has taken, or stolen valuable

16  human property and placed that properties destinations, into conclusive controls of destiny by the

17  clever art referred to as 'conversion of property, or financial gains by procurements[.]'"  (Am.

18  Compl. (ECF No. 7) at 7[1].)  Attached to the amended complaint is a letter from attorney Laura

19  Reich, of the Bowman & Associates law firm, to plaintiff informing plaintiff that plaintiff's

20  property had "been placed into a storage facility" located in Placerville, CA, and that the

21  "property will be available for you to pick up anytime during their business hours."  (Id. at 46.)

22  The letter also advised that if plaintiff did not retrieve the property plaintiff would "need to make

23  arrangements with the storage facility to take over the payments" because "Mr. Rawson WILL

24  NOT be paying anymore for these units.  (Id) (emphasis in original).

25  Also attached to the amended complaint is a declaration from plaintiff that appears to have

26  been directed to the California Supreme Court.  (Id. at 45.)  The declaration complains that

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Bowman & Associates engaged in "unethical practices of 'unlawful detainer'" while "representing Steven Rawson." (Id.) These events evidently resulted in "unjust misdemeanor charges" against plaintiff and "imprisonment[]" for 6 months. (Id.)

The amended complaint alleges that the "actions of conversions of property by Laura Reich, orchestrated by Robert C. Bowman are incredible actions of ill[.]" (Id. at 7.) That the "intents or causes of massive injuries are evident in the personal property taken by Robert C. Bowman, Laura Reich[.]" (Id. at 9.) The amended complaint asserts that "$30,000 per day interest will continue to be billed, as long as the D.A. fails to provide at least $30,000.00 into the CHASE bank account located at Missouri Flat Road[.]" (Id.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. Here, the amended complaint fails to allege facts in support of a claim.

The amended complaint also fails to contain a short and plaint statement of the grounds upon which the court's jurisdiction depends. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

1    Lack of subject matter jurisdiction may be raised by the court at any time during the
2    proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.
3    1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has
4    subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the
5    obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v.
6    Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court
7    cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

8    The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer
9    "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be
10   conferred by federal statutes regulating specific subject matter. "[T]he existence of federal
11   jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
12   those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
13   1108, 1113 (9th Cir. 2000).

14   District courts have diversity jurisdiction only over "all civil actions where the matter in
15   controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action
16   is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a
17   foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are
18   additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different
19   States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be
20   a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss,
21   797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between
22   the parties-each defendant must be a citizen of a different state from each plaintiff." In re
23   Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

24   Here, the amended complaint contains no allegations demonstrating diversity jurisdiction
25   and it appears that both plaintiff and defendant are citizens of California. It may be that plaintiff
26   believes the defendant's conduct constituted a violation of a constitutional right.

27   However, a litigant who complains of a violation of a constitutional right does not have a
28   cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107,

5

1  132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the

2  deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare

3  Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a

4  private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v.

5  City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly

6  under the United States Constitution.").

7       42 U.S.C. § 1983 provides that,

8,9,10
> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

11  The allegations found in the amended complaint do not, and it appears could not, allege

12  that the defendant acted under the color of state law.  Instead, it appears that attorney Reich was

13  engaged in private conduct by representing a client in a civil matter.  "'§ 1983 excludes from its

14  reach merely private conduct, no matter how discriminatory or wrong.'"  Sutton v. Providence St.

15  Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co.

16  v. Sullivan, 526 U.S. 40, (1999)).

17  **III.     Further Leave to Amend**

18       For the reasons stated above, plaintiff's amended complaint should be dismissed.  The

19  undersigned has carefully considered whether plaintiff may further amend the complaint to state a

20  claim over which the court would have subject matter jurisdiction.  "Valid reasons for denying

21  leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural

22  Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

23  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

24  while leave to amend shall be freely given, the court does not have to allow futile amendments).

25  In light of the deficiencies noted above, the nature of the amended complaint's allegations, and

26  plaintiff's inability to successfully amend the complaint, the undersigned finds that it would be

27  futile to grant plaintiff further leave to amend.

28  ////

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that plaintiff's June 22, 2023 request for issuance of subpoena (ECF No. 4) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 22, 2023 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's October 11, 2023 amended complaint (ECF No. 7) be dismissed without further leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

Dated: March 22, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/heuvel1213.dism.f&rs